UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KREIG PROSPER, | : | |
| | : | Civil Action No. 11-5645 (SRC) |
| Petitioner, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| | : | |

  Petitioner Kreig Prosper ("Petitioner" or "Prosper"), who appears pro se, has moved to vacate, set aside or modify his sentence, pursuant to 28 U.S.C. § 2255. The motion asserts that Prosper was denied the effective assistance of counsel, in violation of the Sixth Amendment. The alleged constitutional violation is grounded, in part, on communications between Petitioner and his trial counsel, Edward Bertucio ("Bertucio"). Upon the request of Respondent United States of America ("Respondent" or the "Government"), the Court found that Petitioner had waived the attorney-client privilege as to those communications. See March 16, 2012 Order [docket entry 13]. Thereafter, Respondent filed its Answer to the instant § 2255 Petition for a Writ of Habeas Corpus. The Answer included and relied upon an affidavit given by Bertucio, which addresses the matters raised by Petitioner as the basis for his ineffective assistance of counsel claim.

  The Court has considered the papers filed by the parties, including Bertucio's affidavit. For the reasons that follow, the Court will deny the instant § 2255 Petition in part and reserve its decision as to the remaining grounds.

1

I.  **BACKGROUND**

Prosper was charged with various counts of bank robbery, conspiracy to commit robbery, and use of a firearm in relation to a crime of violence. Following a jury trial, he was convicted on all counts on November 14, 2007. On February 26, 2008, Prosper was sentenced to a term of 794 months' imprisonment. Upon Petitioner's appeal to the United States Court of Appeals for the Third Circuit, the conviction was affirmed. On October 4, 2010, the Supreme Court denied his petition for a writ of certiorari. Prosper filed this motion to vacate his conviction and sentence under 28 U.S.C. § 2255 on September 29, 2011.

II.  **DISCUSSION**

    A.  **Basis of Petitioner's Section 2255 Motion**

Title 28 U.S.C. § 2255 permits a prisoner in federal custody to attack the validity of his sentence as having been imposed in violation of the Constitution. Prosper's motion, as the Court indicated above, bases the plea for relief under § 2255 on the claim that he was denied his Sixth Amendment right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n. 14 (1970) (holding that Sixth Amendment guarantee of assistance of counsel to accused in criminal prosecution includes right to effective assistance of counsel). According to Petitioner, the legal representation he received from Bertucio was constitutionally deficient in four ways: (1) counsel advised Prosper that the Court could order his sentences to run concurrently, providing Petitioner with incorrect information and hampering his ability to assess his options during the plea bargaining process; (2) counsel told Prosper that he did not want Prosper to testify at trial and failed to inform him that it was Prosper's right to decide whether to testify, causing Prosper

to waive his opportunity to testify in his own defense; (3) counsel failed to interview and call as witnesses two individuals, Chris Prosper and Patrocinia Pereira, who would have given exculpatory testimony; and (4) counsel failed to call a DNA expert who would have helped the defense.

The Court, in its discretion, will adjudicate Prosper's ineffective assistance of counsel claim without an evidentiary hearing insofar as the claim is based on the third and fourth grounds listed above. Third Circuit law instructs that an evidentiary hearing need not be conducted where a § 2255 motion, together with the underlying record, conclusively show that the Petitioner is not entitled to relief. Gov't of V.I. v. Forte, 865 F.2d 59, 62 (3d Cir. 1989); see also Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) (observing, in connection with an ineffective assistance of counsel claim, that "a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous."). An evidentiary hearing is not required where the § 2255 motion does not raise an issue of material fact. Cf. United States v. Essig, 10 F.3d 968, 976 (3d Cir. 1994) (holding that when a § 2255 petition does raise an issue material fact, "the district court must hold a hearing to determine the truth of the allegations.").

The third and fourth grounds, as the following discussion will explain, present no issues of material fact and clearly lack merit under the rigorous standard applicable to Sixth Amendment ineffective assistance of counsel claims. The Court will proceed in this Opinion to analyze that portion of Petitioner's claim. The remainder of the claim, however, requires an evidentiary hearing, as there is clearly disagreement between Petitioner and Bertucio regarding the advice that was provided to Prosper regarding sentencing and regarding Prosper's right to

3

testify at trial. The Court will reserve decision as to those aspects of the motion and appoint counsel to represent Petitioner at the evidentiary hearing.

  B.  **Ineffective Assistance of Counsel Based on Failure to Present Certain Witness Testimony**

The Supreme Court decision in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984) sets forth the standard for establishing a claim that a habeas petitioner's Sixth Amendment right of effective assistance of counsel has been violated. The <u>Strickland</u> Court held:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

<u>Id.</u> at 687.

The petitioner bears the burden of proof to demonstrate ineffective assistance of counsel. <u>United States v. Baynes</u>, 622 F.2d 66, 69 (3d Cir. 1980). The Third Circuit has stressed that relief under § 2255 based on a claim of ineffective assistance of counsel requires that the petitioner satisfy both prongs of the <u>Strickland</u> test: that counsel's performance was constitutionally deficient and that the petitioner was prejudiced as a result of that performance. <u>Buehl v. Vaughn</u>, 166 F.3d 163, 169 (3d Cir. 1999). To show that counsel's performance fell below Sixth Amendment standards, a petitioner must show "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms." <u>United States v. Sanders</u>, 165 F.3d 248, 250 (3d Cir. 1999). To meet the prejudice prong, the petitioner must

demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 486 U.S. at 694.

The Supreme Court has been clear that the burden on a convicted defendant challenging his conviction based on ineffective assistance of counsel is a heavy one. Id. at 689-90. In analyzing an attorney's performance in regards to an ineffective assistance of counsel claim, the Supreme Court directs that a court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 698; George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001) (holding same). The Third Circuit has cautioned that "[b]ecause counsel is afforded a wide range within which to make decisions without fear of judicial second-guessing, . . . it is 'only the rare claim of ineffectiveness of counsel that should succeed.'" Buehl, 166 F.3d at169 (quoting United States v. Gray, 878 F.2d 702, 711 (3d Cir.1989)).

As the Government correctly argues, Petitioner has not met the heavy burden of showing that Bertucio's failure to present the testimony of Chris Prosper and Patrocinia Pereira constituted an error so grave that it fell below an objective standard of reasonableness. Petitioner asserts that he advised his counsel that these witnesses would support his position that he was not involved in the charged bank robberies. Bertucio's affidavit, however, demonstrates that, assuming Petitioner did communicate his belief that these witnesses would present exonerating testimony, Bertucio's decision not to interview Chris Prosper and Patrocinia Pereira or call them as witnesses was an exercise of his reasonable professional judgment. Bertucio explains that these individuals were represented by counsel, which prevented Bertucio from speaking with

5

them. He further states in his affidavit that he did not call them as witnesses because they had the ability to invoke their Fifth Amendment privilege and because Bertucio determined that their testimony would have damaged Prosper's defense. Moreover, other than his conclusory statement that "the verdict would have been different" had Chris Prosper and Patrocinia Pereira testified at trial (Pet. Br. at 13), Petitioner fails to show how this testimony would have changed the outcome of proceedings.

As for Bertucio's failure to call DNA expert Dr. Theodore Keiss as a witness at trial, Petitioner's only reason for identifying this as an allegedly prejudicial error is that, according to Petitioner, Dr. Keiss issued a report that disputed the Government's DNA expert and reports. Bertucio's affidavit, however, demonstrates that even if Petitioner's characterization of Dr. Keiss's report is accurate, the decision not to present the testimony of Dr. Keiss was based on his reasonable judgment that such evidence would have been immaterial and possibly harmful to the defense. Such a tactical decision was well within the discretion of the trial attorney.

Petitioner, in sum, has failed to meet the demanding standard that, as to the matters discussed above, his trial counsel's performance fell outside the "wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

### III.  CONCLUSION

The record clearly demonstrates that Petitioner's ineffective assistance of counsel claim lacks merit insofar as it is based on the allegations that counsel erred in failing to present the testimony of Chris Prosper, Patrocinia Pereira and Dr. Keiss. The Court will deny the motion to the extent it claims that this conduct by Bertucio violated Petitioner's Sixth Amendment rights.

As to the remainder of the instant § 2255 Petition, the Court will issue a decision on the issue of whether trial counsel rendered ineffective assistance in advising Prosper on his sentencing exposure and on his right to testify following an evidentiary hearing on those matters.  Once the entire Petition has been adjudicated, the Court will determine whether a certificate of appealability should issue pursuant to 28 U.S.C. § 2253(c)(2).

      s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: April 23, 2012